Maldonado & Cruz, PLLC.
Attorneys for Plaintiff
By: Angel Cruz, Esq. (AC0790)
181 East 161 Street
- Lobby Suite-
Bronx, New York 10451
(718) 828-6050


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
RYAN COLEMAN,
                            Plaintiff,                    **COMPLAINT AND**
    -against-                                       **JURY TRIAL DEMAND**

THE CITY OF NEW YORK; THE NEW YORK        Civil Action No.
CITY POLICE DEPARTMENT;
NYPD P.O. JOHN DOE & JANE DOE 1-4;
NYPD P.O. DAVID TERRELL;

                            Defendants.
-------------------------------------------------------X

## PRELIMINARY STATEMENT

1. This is an action brought pursuant to Title 42 U.S.C. §§ 1983, 1988 and New York State law alleging civil rights violations committed by the City of New York and individuals employed by the New York City Police Department (hereinafter "the NYPD"). Plaintiff alleges on or about June 1, 2016, at approximately 9:40 A.M., Defendants, NYPD P.O. DAVID TERRELL and NYPD P.O. JOHN DOE & JANE DOE 1-4, subjected him to an illegal stop and seizure, assault and battery causing physical injury, false arrest, unlawful imprisonment, malicious prosecution, and conversion, in violation of the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the United

States Constitution, and New York State Constitution Article 1 §§ 5, 8, and 12. In addition, Plaintiff alleges that the Defendant, City of New York and the NYPD, negligently hired, trained, supervised, and retained the subject NYPD officers. Plaintiff now seeks compensatory and punitive damages, declaratory relief, an award of attorney's fees and costs pursuant to title 42 U.S.C. § 1988(b), an award of any expert witness fees pursuant to title 42 U.S.C. §1988(c), and such other relief this Court deems just and proper.

## JURISDICTION & VENUE

2. This action is brought pursuant to title 42 U.S.C. § 1983, the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by title 28 U.S.C. § 1331 and § 1343.

3. Plaintiff invokes the supplemental jurisdiction of this Court pursuant to title 28 U.S.C. § 1367 to hear and decide Plaintiff's claims brought under New York State law.

4. Venue is proper in the Federal District Court of the Southern District of New York pursuant to title 28 U.S.C. §1391 (b).

## PARTIES

5. Plaintiff, RYAN COLEMAN, is an adult citizen of the United States, and resident of the City and State of New York, Bronx County.  The events complained of occurred in the City of New York, Bronx County.

6. The City of New York is a municipal corporation organized under the

laws of the State of New York. NYPD P.O. DAVID TERRELL and NYPD P.O. JOHN DOE & JANE DOE 1-4, are employed by NYPD (the identity of the NYPD officers named herein are unknown to Plaintiff at this time, however, upon information and belief they were NYPD officers assigned to the 42nd precinct located in Bronx, New York) and were involved in the arrest of Plaintiff and responsible for the torts arising out of Plaintiff's illegal stop and seizure, assault and battery causing physical injury, false arrest, unlawful imprisonment, malicious prosecution, and conversion.  These NYPD officers were acting under color of state law, and in their capacities as NYPD officers at all relevant times herein.  The officers are liable for directly participating in the unlawful acts described herein, and for failing to intervene to protect Plaintiff from unconstitutional conduct.  The NYPD officers are sued in their individual capacities as well.

## **JOINT LIABILITY**

7. This action falls within one or more of the exceptions set forth in CPLR § 1602.

## **NOTICE OF CLAIM**

8. Within 90 days of the events giving rise to this claim, Plaintiff filed written notice of claim with the New York City Office of the Comptroller. Over 30 days have elapsed since the filing of that notice.  On or about September 8, 2016, a 50-H hearing was conducted, and this matter has not been settled or otherwise disposed of.

## **ALLEGATIONS OF FACT**

9. On or about June 1, 2016, at approximately 9:40 A.M., Plaintiff was lawfully present at 798 East 170th Street Bronx, New York 10459.

10. At the aforementioned time and place, Plaintiff observed unusual police activity, and an abnormal police presence in the area.  Plaintiff then observed and began to make a video recording with his cell phone of an unmarked police vehicle traveling against traffic, at a high rate of speed.

11. The unmarked police vehicle then stopped in front of a fire hydrant parked against traffic. Plaintiff then from a distance of approximately twenty (20) feet from the unmarked police vehicle, attempted to take pictures of the unmarked police vehicle's license plates with his cell phone.

12. Then an unidentified male NYPD Officer in civilian clothing came out of the unmarked police vehicle, and approached Plaintiff.  Plaintiff then began to record the unidentified male NYPD Officer. The unidentified male NYPD Officer demanded that Plaintiff produce his identification.

13. Plaintiff unsure if the unidentified male NYPD Officer was actually an police officer, asked if the officer could show him his badge or police identification, and the unidentified male NYPD Officer refused.  Plaintiff then attempted to walk away, and the unidentified male NYPD Officer followed him demanding that Plaintiff produce his identification.

14.  Then the unidentified male NYPD Officer roughly grabbed Plaintiff by his left arm, and attempted to unlawfully seize Plaintiff. Plaintiff confused

as to why he was being seized, began to argue with the unidentified male NYPD Officer.  More unidentified NYPD Police Officers happened upon the scene, and tackled Plaintiff to the ground face first.

15. Once the NYPD Officers placed Plaintiff under arrest, they searched, seized, and unlawfully destroyed all the items Plaintiff had in his pockets and on his person. Nothing illegal was recovered from Plaintiff's pockets or person.  Then the NYPD Officers forcibly placed Plaintiff into a marked NYPD police vehicle, and took Plaintiff to the 42nd precinct.

16. At the precinct Plaintiff was unlawfully strip-searched, ordered to squat, made to bend over and cough. Nothing illegal was recovered.

17. Several hours after, NYPD Officers transported Plaintiff to Bronx County Central Booking for processing, and arraignment before a Bronx County, New York City Criminal Court Judge. Plaintiff was held in a cell that was filthy and filled with garbage and excrement, and Plaintiff suffers from seizures. Plaintiff was also denied his seizure medication despite repeated request.

18. While Plaintiff was confined at Bronx County Central Booking, Defendants, NYPD P.O. DAVID TERRELL and NYPD P.O. JOHN DOE & JANE DOE 1-4, with reckless disregard for the truth, misrepresented the events that occurred on or about June 1, 2016, to the Bronx County District Attorney's Office.

5

19. The aforesaid misrepresentations resulted in false criminal charging being filed against Plaintiff. At arraignment, Plaintiff was falsely charged with disorderly conduct (P.L. § 240.20); and obstructing governmental administration in the second degree (P.L. § 195.05). Plaintiff was arraigned on the criminal complaint, and released on his own recognizance. In total Plaintiff spent approximately thirty-two (32) hours wrongfully incarcerated.

20. Approximately one hour, after being released from Bronx County Central Booking, Plaintiff suffered a seizure as a direct result from the denial of the seizure medication. However, Plaintiff did not receive medical attention for the seizure.

21. On or about August 24, 2016, the criminal charges were disposed of with an adjournment in contemplation of dismissal.

22. Plaintiff suffered damage as a result of Defendants' actions. Plaintiff suffered fear, embarrassment, humiliation, discomfort, pain, bruising, and loss of liberty. Plaintiff alleges that the NYPD officers subjected him to an illegal stop and seizure, assault and battery causing physical injury, false arrest, unlawful imprisonment, malicious prosecution, conversion, and intentional and emotional distress in violation of the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, and New York State Constitution Article 1 §§ 5, 8, and 12. In addition, Plaintiff alleges that the City of New York and the NYPD negligently

hired, trained, supervised, and retained the subject NYPD officers. Plaintiff now seeks compensatory and punitive damages, declaratory relief, an award of attorney's fees and costs pursuant to title 42 U.S.C. § 1988(b), an award of any expert witness fees pursuant to title 42 U.S.C. §1988(c), and such other relief this Court deems just and proper.

## FIRST CAUSE OF ACTION
(TITLE 42 U.S.C. § 1983)

23. Plaintiff repeats and re-alleges the allegations contained in ¶¶ 1-22 as fully set forth herein.

24. Defendants acted under the color of law and conspired to deprive Plaintiff of him civil, constitutional, statutory rights, and have conspired to deprive him of such rights and are liable to Plaintiff under the common law, title 42 U.S.C § 1983, New York State and Federal law, and the New York State and Federal Constitutions. Defendants are liable to Plaintiff under title 42 U.S.C. § 1983 and Article one (1) sections five (5) section (8), and section twelve (12) of the New York State Constitution.

25. Plaintiff has been damaged as a result of Defendants' wrongful acts.

## SECOND CAUSE OF ACTION
(MUNICIPAL AND SUPERVISORY LIABILITY)

26. Plaintiff repeats and re-alleges the allegations contained in ¶¶ 1-25 as fully set forth herein.

27. New York City and the NYPD are liable for the damages suffered by Plaintiff as a result of the conduct of their employees, agents, and servants.

28. New York City and the NYPD knew or should have known of their employees', agents', or servants' propensity to engage in the illegal and wrongful acts detailed above.

29. The aforesaid event was not an isolated incident. New York City and the NYPD have been aware for some time (from lawsuits, notices of claim, and complaints filed with the Civilian Complaint Review Board) that many of their officers are insufficiently trained on how to avoid excessive use of force.  New York City and the NYPD insufficiently disciplined officer for not reporting fellow officers' misconduct that they have observed, and they failed to discipline offers for making false statements to disciplinary agencies. New York City and the NYPD are aware that all of the aforementioned acts have resulted in violations of citizens' constitutional rights. Despite such notice Defendants have failed to take corrective action. This failure and these polices caused the officers in the present case to violate Plaintiff's civil and constitutional rights, without fear of reprisal.

30.  New York City and the NYPD knew or should have known that the NYPD officers who caused Plaintiff's injury had a propensity for the type of conduct that took place in this case. Nevertheless, New York City and the NYPD failed to take corrective action.  Without proper supervision not only is this abusive behavior ignored, it is condoned.

31. New York City and the NYPD have failed to take steps to discipline, train, supervise, or otherwise correct the improper, illegal conduct of the individual Defendants in this and similar cases involving misconduct.

32. The above described policies and customs demonstrated a deliberate indifference on the part of New York City and the NYPD policymakers to protect the constitutional rights of persons within New York City, and were the cause of the violations of the Plaintiff's rights herein alleged.

33. New York City and the NYPD have damaged Plaintiff by their failure to properly train, supervise, discipline, review, remove, or correct the illegal and improper acts of their employees, agents or servants in this and in similar cases involving NYPD officer misconduct.

34. Plaintiff has been damaged as a result of the wrongful, negligent, and illegal acts of New York City and the NYPD.

## **THIRD CAUSE OF ACTION**
(CONSTITUTIONAL TORTS)

35. Plaintiff repeats and re-alleges the allegations contained in ¶¶ 1-34 as fully set forth herein.

36. Defendants, acting under color of law, violated Plaintiff's rights pursuant to First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, and New York State Constitution Article 1, §§ 5, 8, and 12.

37. A damages remedy here is necessary to effectuate the purposes of First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, and New York State Constitution Article 1 §§ 5, 8, and 12. This is appropriate here to ensure the full realization of Plaintiff's right in the aforementioned sections of the Federal and New York State Constitutions.

38. Plaintiff has been damaged as a result of the wrongful, negligent, unconstitutional, and illegal acts of New York City and the NYPD.

## FOURTH CAUSE OF ACTION
(ASSAULT)

39. Plaintiff repeats and re-alleges the allegations contained in ¶¶ 1-38 as fully set forth herein.

40. By striking Plaintiff Defendants made Plaintiff fear for him physical well-being, and safety, and placed him in apprehension of immediate harmful or offense touching.

41. Defendants have deprived Plaintiff of his civil, constitutional, statutory rights, and have conspired to deprive him of such rights and are liable to Plaintiff under the common law, title 42 U.S.C § 1983, New York State and Federal law, and the New York State and Federal Constitutions.

42. Plaintiff was damaged by Defendants' assault.

## FIFTH CAUSE OF ACTION
(BATTERY)

43. Plaintiff repeats and re-alleges the allegations contained in ¶¶ 1-42 as fully set forth herein.

44. Defendants engaged in and subjected Plaintiff to immediate harmful and/or offensive touching and battered him.

45. Defendants used excessive and unnecessary force with Plaintiff. Defendants have deprived Plaintiff of his civil, constitutional, statutory rights, and have conspired to deprive him of such rights and are liable to Plaintiff under the common law, title 42 U.S.C § 1983, New York State and Federal law, and the New York State and Federal Constitutions.

46. Plaintiff was damaged by Defendants' assault.

## SIXTH CAUSE OF ACTION
(NEGLIGENT HIRING AND RETENTION)

47. Plaintiff repeats and re-alleges the allegations contained in ¶¶ 1-46 as fully set forth herein.

48. Defendants, NYPD Officers, had a bad disposition and New York City and the NYPD knew or should have known of facts that would have led a responsible and prudent person to further investigate Defendants, NYPD Officers, bad dispositions through the hiring process.

49. Defendants knew or should have known that their failure to investigate Defendants, NYPD Officers, bad dispositions would lead to Plaintiff's injury.

50. Defendants were negligent in their hiring and retaining the NYPD Officers involved in this case in that they knew or should have known of the NYPD Officers' propensity to use excessive force.

51. Defendants have deprived Plaintiff of his civil, constitutional, statutory rights, and have conspired to deprive him of such rights and are liable to Plaintiff under the common law, title 42 U.S.C § 1983, New York State and Federal law, and the New York State and Federal Constitutions.

52. The injury to Plaintiff was caused by the NYPD Officers' foreseeable use of excessive force.

### SEVENTH CAUSE OF ACTION
(RESPONDEAT SUPERIOR)

53. Plaintiff repeats and re-alleges the allegations contained in ¶¶ 1-52 as fully set forth herein.

54. Defendants' intentional tortious acts were undertaken within the scope of their employment by Defendant, City of New York, and in furtherance of Defendant, City of New York's interest.

55. As a result of Defendants' tortious conduct in the course of their employment and in furtherance of the business of Defendant, City of New York, Plaintiff was damaged.

### EIGHTH CAUSE OF ACTION
(42 U.S.C. §1983 AND THE FIRST AND FOURTEENTH AMENDMENTS)

56. Plaintiff repeats and re-alleges the allegations contained in ¶¶ 1-55 as fully set forth herein.

57. By Defendants conduct, as described herein, and acting under color of state law to deprive Plaintiff of his right to freedom of speech, assembly, and association under the First and Fourteenth amendments, the

individual Defendants are liable for violation of 42 U.S.C. § 1983 which prohibits the deprivation under color of state law of rights secured under the United States Constitution.  The individual Defendants have violated Plaintiff's First Amendment rights to assembly, speech, and association by unlawfully denying his right to assemble lawfully in "public fora"; terminating his lawful assembly; subjecting him to false arrest and illegal excessive force; maliciously prosecuting them to deter the exercise of his First Amendment rights; and interfering with and/or terminating his lawfully protected activities of observing and documenting police conduct in a public forum. Defendants' actions were taken in retaliation for Plaintiff exercising his First Amendment rights.

    58. As a consequence of the individual Defendants' actions, Plaintiff has suffered violations of his First and Fourteenth Amendment rights to free speech, assembly, and association.  Plaintiff has a reasonable fear and apprehension that they will, again, be subject to similar unlawful acts by Defendants done for the purpose of limiting and preventing their First Amendment protective activities.

    59. As a direct and proximate result of the individual Defendants' unlawful actions, Plaintiff has suffered damages including physical damages, humiliation, and embarrassment.

## **NINTH CAUSE OF ACTION**
(TORT OF CONVERSION)

60. Plaintiff repeats and re-alleges the allegations contained in ¶¶ 1-59 as fully set forth herein.

61. Defendants willfully interfered with Plaintiff's right to his personal property by unlawfully seizing and destroying all contents within Plaintiff's pockets and person.

62. Defendants' intentional and tortious acts enabled that Plaintiff's personal property be disposed in a manner inconsistent with Plaintiff's property rights.

63. Defendants' unauthorized and unlawful destruction of Plaintiff's property proximately caused substantial damage to Plaintiff.

**WHEREFORE**, Plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

  a. Compensatory damages in an amount to be determined by a jury;

  b. Punitive damages in an amount to be determined by a jury;

  c. Costs, interest and attorney's fees pursuant to title 42 U.S.C § 1988(b);

  d. Cost, interest and expert witness fees pursuant to title 42 U.S.C § 1988(c);

  e. Such other and further relief as this Court may deem just and proper, including declaratory relief.

## **JURY DEMAND**

Plaintiff demands a trial by jury.

Dated:   May 11, 2017
         Bronx, N.Y.

                                    _____
                                    By: Angel Cruz, Esq.(AC0790)
                                    Attorneys for Plaintiff
                                    Maldonado & Cruz, PLLC.
                                    181 East 161 Street
                                    - Lobby Suite-
                                    Bronx, New York 10451
                                    (718) 828-6050

To:   New York City Office of
      Corporation counsel
      100 Church Street
      New York, New York 10007

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
RYAN COLEMAN,

                                                                                 Civil Action No.

                        Plaintiff,

   -against-

THE CITY OF NEW YORK; THE NEW YORK
CITY POLICE DEPARTMENT;
NYPD P.O. JOHN DOE & JANE DOE 1-4;
NYPD P.O. DAVID TERRELL;

                     Defendants.
------------------------------------------------------X

---

### TITLE 42 U.S. C. §1983 COMPLAINT

---

**MALDONADO & CRUZ, PLLC.**
**Attorneys for Plaintiff**
181 East 161 Street – Lobby Suite
Bronx, New York, 10451
Tel: (718) 828-6050

---

Dated: May 11, 2017
       Bronx, New York

Signature _____
               Angel Cruz, Esq. (AC0790)

To:  New York City Office of
       Corporation counsel
       100 Church Street
       New York, New York 10007